**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MARGARET PELAK,

Plaintiff,

v. Case No. 8:24-cv-2996-JRK

FRANK BISIGNANO,
Commissioner of Social Security,

Defendant.

---

**ORDER**

This cause is before the Court on Plaintiff's Unopposed Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (Doc. No. 27; "Motion"), filed June 29, 2026. In the Motion, Plaintiff seeks an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $6,891.30. Motion at 1, 4-7. Defendant does not oppose the relief requested. Id. at 2.

According to the Motion and supporting documentation, Plaintiff's counsel expended a total of 24.1 hours of attorney time and 5.9 hours of paralegal time in the representation of Plaintiff before the Court. See Motion at 4-6, Exs. A-M. For the attorneys, Plaintiff requests an hourly rate of $250.32 for 2024 and $255.90 for 2025. Id. at 4-5. For the paralegals, Plaintiff seeks an hourly rate of $125. Id. at 5. Plaintiff is seeking a higher attorney hourly rate

than the $125 specified by statute based on the increase in the cost of living since 1996, when the attorney's fee rate was last adjusted by Congress. See 28 U.S.C. § 2412(d)(2)(A) (permitting fee awards at rates higher than $125 per hour upon the Court's determination that cost of living has increased). Having examined the Consumer Price Index and the representations made in the Motion, the Court concludes an increase in inflation does justify a proportionate increase in attorney's fees.[1] Further, the number of hours expended by the attorneys and paralegals is reasonable.

Plaintiff has assigned her rights to any entitlement of attorney's fees due under the EAJA to her counsel. See Motion at 7, Ex. N (Affirmation and Waiver of Direct Payment of EAJA Fees). Regarding the assignment, Plaintiff represents the following:

> If the United States Department of the Treasury determines that Plaintiff owes no debt that is subject to offset, the government will accept the assignment of EAJA Fees and pay fees directly to Plaintiff's attorney.

Motion at 7.

Upon due consideration, it is

**ORDERED**:

---

[1] See U.S. Dep't of Labor, Inflation Calculator, http://data.bls.gov/cgi-bin/cpicalc.pl (last visited October 20, 2026). In computing the hourly rate adjustment for the cost of living increase, the Consumer Price Index is generally used for the year in which the services were performed. See Masonry Masters, Inc. v. Nelson, 105 F.3d 708, 710-13 (D.C. Cir. 1997); see also Gates v. Barnhart, No. 5:01-cv-148-GRJ, 2002 WL 1452232, at *3 (M.D. Fla. June 25, 2002) (unpublished).

1. Plaintiff's Unopposed Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (Doc. No. 27) is **GRANTED**.

2. The Clerk of Court is directed to enter judgment in favor of Plaintiff and against Defendant for attorney's fees in the amount of $6,891.30 pursuant to 28 U.S.C. § 2412(d).

3. The Commissioner may exercise the discretion to honor Plaintiff's assignment of fees to counsel if the U.S. Department of Treasury determines that Plaintiff does not owe a debt to the U.S. Government.

**DONE AND ORDERED** in Jacksonville, Florida on November 2, 2026.

James R. Klindt
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record